Mr. Schindler Good morning, Your Honor. Ralph Schindler on May it please the Court, I'd like to begin with a little story. In my youth, back when I was a 13-year-old young man in West Des Moines, Iowa, I had three sisters, and one was a 15-year-old sister, and one Saturday night, she announced that she was about to take her bath, and being perhaps the creep that I am, I decided I was going to take the kitchen footstool and go out on the front porch and peek through the window of the bathroom door. As she began to take her shower, and as soon as I got there, of course, my sister looked up in the curtain, saw my face, comes out, grabs me by the ear, and produces me to my parents and says, this guy's a freak, he's a pervert, and all the rest of it. But I tell that story because I would submit that what these cases are, are modern-day versions of peeping Tom cases. Pardon, Your Honor? The denial of the motion to dismiss. That's correct, Your Honor. We don't have a sufficiency of the evidence test here. It's just whether the motion to dismiss the indictment was properly denied. Your Honor, the issue was preserved in the lower court before Judge Guzman with the guilty plea. The government agreed to preserve the issue. Whether what's on these videos constituted child pornography and whether it constituted the production of child pornography, that was reserved in the plea agreement. Right, as described. As described, yes. I mean, the description of what was in these videos was submitted in the motion to dismiss by the government, and we agreed that what was described was accurate. But I would submit that what was described, if we look at the stipulated offenses and if we look at count two, which was the one count that he pled to, count two is the only count in which Mr. Porter interacts with any child. All the rest of them are candid camera peeping Tom recordings of children bathing, basically, in the shower room of the local YMCA where he would set up his camera and do that. And so my argument is that that passive recording doesn't qualify under 18 U.S.C. section 2251, which basically requires, and the statute states, that any person who employs the minor to engage in the sexually explicit conduct, who persuades the minor to engage in, who induces the minor to engage in, entices the minor to engage in, coerces the minor to engage in, and then we have this verb, uses the minor to engage in. And this court in the Donahoe and in the Miller cases has interpreted uses, at least up until Springer and Howard. In Springer and Howard, we said, or you said, in fact, Judge Sykes, you wrote the opinion in Howard that the use, there has to be some, the minor needs to be engaged in the sexually explicit conduct, not the adult. And in the Howard and the Springer cases, we had adults engaged in sexually explicit conduct recording sleeping children. And that was stated, well, the children aren't involved in the conduct. So I would submit the same thing here in Porter, that. Again, not remotely similar. I would submit that the language of 2251 means you must engage the child. The child is the focus of the activity. But Donahoe has already answered that question. The what? Donahoe case. I agree. And I'm here because I'm asking the court to reverse Miller and Donahoe, as stated in my brief. You know, you're right, Judge. Donahoe is right on point. Very similar. Now, but this court's opinion in Miller and Donahoe contradict the D.C. Circuit's opinion in Hilly. They say that mere bathing activities, the recording of mere bathing activities is not, and that's the second argument, I guess, sexually explicit conduct. It's not a lascivious exhibition of the genitals under 2246. Even under Hilly, couldn't some of these be considered hardcore, given it's not just bathing? Your Honor, there is, in the stipulated conduct, there is one video of a young man masturbating in the shower. The other videos are basically kids in the shower bathing themselves. And I would submit that we have count two where there's an actual interaction between Mr. Porter and the child, and he's washing the kid. But I don't believe there's any sexually explicit activity or lascivious exhibition of the genitals of the child. The child's genitals are exposed to the camera. The focus of the camera is on the kid and Mr. Porter bathing and washing each other. But does that constitute child pornography?  I know this court has found that to be the case, even passive recordings in the Donahue case and in the Miller case. But I would submit that what's recorded is just bathing activities is not a lascivious exhibition. Now, the one with the masturbation could be, but in that case, we don't have any interaction between Mr. Porter and the guy. He's just put a box camera up on top of the stall and took his pictures and recorded his things. He didn't. And, again, I think the other argument is the reason for a 15-year mandatory minimum, and you should recall that Mr. Porter got a 22-year sentence, which was about half of the guideline, because I think the guideline was life imprisonment. And that's the second part of the brief, is there's a five-level enhancement under Chapter 2, a five-level enhancement under Chapter 3 of the sentencing guideline, five-level enhancement under Chapter 4 of the sentencing guideline. And all those factors came into effect because the stipulated offenses were a series of child pornography under the stipulation. But, again, in the sentencing hearing and in the plea agreement, we preserved the issue of were those, in fact, production of child pornography. So. The defendant is depicted in at least three or four of these videos, if I'm reading the descriptions correctly. Pardon, Your Honor? Your client, the defendant, is himself depicted in at least three or four of these videos, if I'm reading the descriptions? He interacts with a minor on count two. And one other video in the shower stall, the shower stall, the camera's up here and has two lenses. He's in one shower stall, and the kid's in another shower stall. Porter masturbates, okay? But there's no interaction between the two stalls. Well, in another one, he's giving at least one of the kids directions about what to do. Directions about a ‑‑ oh, he's giving the kids directions about tear out or dry out the swimming trunks, hang them up, and go in the shower room. I mean, that's, I think. So there is interaction in that one. You're right. But that's the nature of the interaction. But, Your Honor, again, I think the gravamen of the statute is the impact the adult has on the minor. And the reason why there's a 15‑year mandatory minimum is because of the corrupting influence the adult has on the minor. And if we look at, in this case, some of the victim impact statements here, they're terrifying. I mean, I read a whole series of victim impact statements, and the children who were forced into child pornography, production of child pornography, have great psychological scars. And I would say that, in this case, kids didn't even know that they were being recorded. It's a candid camera. It's passive activity. No interaction between them. Is your argument that we should overrule Donahoe and Miller based on a statutory interpretation argument or a First Amendment argument? Based on statutory interpretation, I think these types of peeping Tom and passive activity, no interaction or minimal interaction, other than count two, I would agree, just are not sufficient to meet the definition of 2251, which requires some interaction, I would submit, between the adult and the child. There's some coercion by the adult of the child to participate in the sexually explicit activity. I think that's what the statute requires. That wasn't in Miller. That wasn't in Donahoe. And so, for that reason, I would ask the court to send the case back. There's no question about his pleading to the two counts of possession and trafficking in child pornography. It's just the production counts. And the production count is linked to count two. He pleaded guilty to count two, which is the video where he's actually participating with the child. What was that, Your Honor? He's actually, count two relates to the video where Mr. Porter is participating with the child in the shower. Yes, Your Honor. He's in the shower with the child, and they're bathing each other. And so the challenge to the other counts that were described and stipulated to is for purposes of the sentencing argument only, not the attack on the conviction. My argument as to count two, I can't argue that there was no interaction because there was interaction. But I can argue that what is depicted is not a lascivious exhibition of the genitals under 2256, that it's simply bathing. But if that argument fails, then my other argument is that the stipulated offenses are not child pornography because they're passive, and it should be sent back for resentencing as to those issues. Thank you. Thank you. Ms. Greenwald. Good morning, Your Honors. Defendant's arguments are legally and factually incorrect. As a factual matter beginning there, not that interaction is required, but this defendant selected the scenes, showers, which this court has repeatedly indicated lend themselves to sexual fantasies, because the test here for lascivious exhibition is that it calls attention to, in this case, the penis or the genitals, for the purpose of eliciting, enticing sexual arousal in the viewer. He chose the camera angles. In numerous occasions, as he admitted in the plea agreement, he zoomed the camera or focused it to ensure that the penis was depicted. He issued, in one of them, as Your Honor was noting, the one where he issued stage directions to take off their bathing suits, which he rang and then made sure that their penises were depicted. In the count of conviction, he physically moved the child, you know, repeatedly removed the child's bathing trunks, repeatedly turned the child to the camera. At one point, he goes to the camera. He wipes it off because he can see that it's fogged. He makes sure it's depicting the child, and he finishes it all off by holding the child against his erection. In another, he's in a stall, and you can see him, you know, moving the camera to make sure that he depicts the child. In the one of the child masturbating, which is in and of itself a sexually explicit conduct, independent of the whole issue of lascivious exhibition, he admits in the plea agreement that this is captured from different angles by different cameras. This isn't some passive thing where he just happens upon depictions of, you know, children in these positions. He's actively engaged in the lascivious exhibition, whether he's there manipulating the camera as he does in numerous of these, or he's set it up in a way to capture it. In terms of, I think what he's trying to get at in a lot of his arguments is, as he expresses in his reply brief and in some touches on his opening brief, that somehow Howard did not require causation, and Donahoe is incorrect in interpreting Howard as not requiring causation. And by causation he means causing the child to engage in sexually explicit conduct. And the thought that these statutes that are designed to protect children, not just from the act, but having the acts and their entire personhood captured in videos and cameras that will be retained by others, that the statute is clearly intended to protect that as well, that the idea that the child has to ask or somehow initiate the conduct in order to have that kind of protection is just against statutory interpretation, against the purpose of the statute. If we look at Howard and Donahoe, isn't the distinction simply how we're using the word use? Absolutely. Well, of course, Your Honor. And there's also the word, I think, enable in the statute. In addition to all of that, Your Honor, Howard just didn't deal with this. As Your Honors know, Howard was the issue of the government took the position that the child did not need to engage in the conduct. That's what Howard addressed. Yes, it used some causation language, but it used it in the context, as Donahoe says, just in the context of discussing a totally different issue. And so Donahoe was correctly decided. And just under, as we say in your brief, this court requires a compelling basis to revisit its decisions. And Donahoe, in particular, is not only recent, but this court denied without any dissent, not only the petition for rehearing, but the request for an en banc petition on it. So I just wanted to get those responses on the record, just so the record is, I'm sure Your Honors are aware of it. But the record is very, very clear as to the defendant's conduct, and I think Your Honors are aware of it in this, and that it's not being accurately portrayed here. So unless the court has any questions about the record of the law in regard to this, we would rely on our briefs and ask you to affirm this conviction. And sentence. Thank you. Mr. Schindler, I think your time may have expired, but you can have an additional minute if you have something to say in response. Your Honor, I know it's a heavy load to try to get the court to reverse some prior decisions, but I would submit that the Donahoe case and the Miller case, I believe, are incorrectly decided. I side with Judge Sykes in your writing and Howard, and when I read the Howard case, we were down in the district court on this, I thought for sure that Mr. Porter's recordings and lack of interaction with the children would be a shield, so to speak. So that's why we proceeded in the direction that we did. But in any event, I don't see it. Your position is really less grounded in Howard than in Judge Easterbrook's concurring opinion in Donahoe. That's correct, Your Honor. I got great help from Judge Easterbrook's specially concurring opinion and also the Hilly case. I think the Hilly case would... All the separate opinions. Yes. Thank you, Your Honor. Thank you. All right. Thanks to all counsel. The case is taken under advisement, and that concludes our calendar for today.